1  Michael A. Angel (Bar No. 59085)
     *mangel@mmhllp.com*
2  Zachary J. Brown (Bar No. 241837)
     *zbrown@mmhllp.com*
3  MESERVE, MUMPER & HUGHES LLP
4  300 South Grand Avenue, 24th Floor
5  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
6  Facsimile: (213) 625-1930

JS-6

7  Attorneys for Defendant
   FEDERAL DEPOSIT INSURANCE
8  CORPORATION AS RECEIVER
   FOR INDYMAC BANK, FSB

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EMILIO BAEZ, an individual,

Plaintiff,

vs.

INDYMAC BANK, a federally chartered savings bank *et al.*,

Defendants.

USDC Case No. EDCV 10-1643 JVS (FMOx)

[Riverside Super. Ct. Case No. RIC-528863]

**ORDER ON FDIC-RECEIVER'S MOTION TO DISMISS**

*Filed Concurrently with Motion to Dismiss, Gazdecki Declaration and Request for Judicial Notice*

Date: December 20, 2010
Time: 1:30 P.M.
Place: Courtroom 10C

Having duly considered all papers submitted in support of and in opposition to the Motion to Dismiss filed in the above-captioned proceedings by Defendant FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB ("FDIC-Receiver"), a federal government agency, the Court finds that there is good cause to GRANT the motion.

///

///

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Plaintiff EMILIO BAEZ is required to exhaust administrative remedies against the FDIC-Receiver before he may seek judicial review of his claims in any court. Exhaustion of administrative remedies is no longer possible for Mr. Baez, however, because administrative claims against FDIC-Receiver have been time-barred since October 14, 2008. The Court cannot assert jurisdiction over claims against FDIC-Receiver before those claims have been subjected to administrative review. 12 U.S.C. § 1821(d)(13)(D). The Court also lacks jurisdiction to award any equitable relief against FDIC-Receiver pursuant to 12 U.S.C. § 1821(j).

Furthermore, the No-Value Determination of the FDIC's Board of Directors shows that Mr. Baez could never obtain effective relief against FDIC-Receiver because there are insufficient assets in the receivership estate to permit payment of any general unsecured creditor claims. Therefore, as a matter of constitutional law, Mr. Baez's First Amended Complaint fails to allege the existence of a justiciable case or controversy, which is indispensable for federal subject matter jurisdiction. Finally, under the prudential mootness doctrine, even if the Court were able to take jurisdiction of this case, judgment for FDIC-Receiver would still be appropriate because a trial on the merits would only waste the resources of all parties.

**IT IS THEREFORE ORDERED** that all claims which Mr. Baez has asserted against FDIC-Receiver in these proceedings be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Since any amendment of the pleadings would be futile, Mr. Baez's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 18, 2011

By: _____
JAMES V. SELNA
United States District Judge